# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ESTATE OF JAMES C. RENNICK SR., v. UNIVERSAL CREDIT SERVICES, LLC | CIVIL ACTION NO. 18-3881 |
|---|---|

## MEMORANDUM RE: MOTION TO STRIKE

**Baylson, J.**  August 22, 2019

### I. Introduction

This action arises out of a credit report issued by Defendant Universal Credit Services, LLC, which allegedly included false reports from two major credit reporting agencies stating that James C. Rennick, Sr. was deceased when he was still alive. Plaintiff, the Estate of Mr. Rennick, alleges that because of the erroneous credit report, Mr. Rennick was denied a home equity line of credit.

Plaintiff filed a First Amended Complaint (ECF 15, "FAC") more than 21 days after Defendant filed a Motion to Dismiss the original Complaint without seeking agreement from opposing counsel or leave of this Court. Presently before this Court is Defendant's Motion to Strike the FAC under Federal Rule of Civil Procedure 15(a). For the reasons discussed below, the Motion is GRANTED.

### II. Factual Background and Procedural History

The Court provided a detailed summary of the factual allegations in its prior Opinion granting in part and denying in part Defendant's Motion to Dismiss the original complaint. (ECF

1

8 at 2–3.)[1]  As the FAC does not add factual allegations, the Court does not repeat the factual background here.

Plaintiff filed the original Complaint in this case on September 10, 2018 (ECF 1).  The original Complaint advanced eight Counts: violations of the Fair Credit Reporting Act ("FCRA"), 16 U.S.C. § 1681, et seq. (Count I); intentional infliction of emotional distress ("IIED") (Count II); intrusion upon seclusion (Count III); negligence (Count IV); negligent infliction of emotional distress ("NIED") (Count V); defamation (Count VI); gross negligence (Count VII); and slander of credit (Count VIII).

On October 30, 2018, Defendant moved to dismiss Counts II, III, V, and VI of the Complaint for failure to state a claim under Rule 12(b)(6) (ECF 2), to which Plaintiff filed a Response on November 27, 2018 (ECF 6).  The Court granted the Motion, with prejudice, as to Counts II, III, and V: the IIED, intrusion upon seclusion, and NIED claims (ECF 8, 9).  The Court denied the Motion with respect to Plaintiff's defamation claim (Count VI).  (Id.)  As a result, only Counts I, IV, VI, VII, and VIII remained: the FCRA, negligence, defamation, gross negligence, and slander of credit claims.

After the Court ruled on the Motion to Dismiss, Defendant filed an Answer to the Complaint on February 4, 2019 (ECF 12).  Following a pretrial conference on the same date, the Court issued a Scheduling Order stating that "[a]ny Motion to Amend the Complaint shall be filed as soon as possible."  (ECF 14.)

On February 22, 2019, Plaintiff filed the FAC (ECF 15).  The FAC eliminated Counts II and III of the original Complaint: the IIED and intrusion upon seclusion claims.  The FAC retains

---

[1] The opinion is available at Estate of Rennick v. Universal Credit Servs., LLC, No. 18-3881, 2019 WL 196539 (E.D. Pa. Jan. 15, 2019) (Baylson, J.).

all other claims, including NIED, which the Court previously dismissed with prejudice. The FAC does not include new factual allegations but advances additional legal allegations in five of the six remaining Counts: the FCRA, NIED, negligence, gross negligence, and slander of credit claims. There are no additional allegations in support of the defamation claim.

On July 16, 2019, Defendant filed the instant Motion to Strike the FAC, arguing that Plaintiff was not permitted to file an amended Complaint as a matter of course because more than 21 days had passed since Defendant filed the Motion to Dismiss (ECF 20, "Mot."). Defendant contends that the FAC is a "rogue document" that must be stricken from the docket because Plaintiff did not file a motion for leave to amend or seek written agreement from Defendant, as required by Rule 15(a)(2). (Id. at 8–10.)[2]

Plaintiff filed a Response in Opposition on July 30, 2019 (ECF 25, "Resp."). Plaintiff contends that the FAC should not be stricken under Rule 15(a)(1) because it was filed on February 22, 2019, fewer than 21 days after Defendant filed an Answer to the original Complaint on February 4, 2019. (Id. at 1, 5.) Alternatively, Plaintiff requests that this Court permit Plaintiff leave to file the FAC under Rule 15(a)(2) because Defendant failed to demonstrate prejudice from the amendment. (Id. at 1–5.)

Plaintiff also filed a Motion to Compel discovery responses on July 25, 2019 (ECF 21), which Plaintiff withdrew (ECF 26). On the same date, the parties participated in a settlement conference before Magistrate Judge Strawbridge (ECF 23).

Plaintiff subsequently filed a Motion to Quash Subpoena on August 13, 2019 (ECF 29). Plaintiff has also filed an unopposed Motion for a Continuance of current pretrial and trial dates

---

[2] Defendant also moved for a stay of litigation, which Defendant has since withdrawn (ECF 24). As a result, only the Motion to Strike the FAC is presently before this Court.

(ECF 31). Following an unrecorded telephone conference on August 22, 2019 to discuss the open motions, the Court issued a revised Scheduling Order (ECF 32, 33).

### III. Legal Standard

A complaint may be amended once "as a matter of course" "within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), . . . whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In those situations, "[t]he court should freely give leave when justice so requires." Id.

### IV. Discussion

As discussed above, Defendant moves to strike the FAC as barred by Rule 15(a)(1) because it was filed more than 21 days after service of Defendant's Motion to Dismiss the original Complaint. (Mot. at 8–9.) Plaintiff, on the other hand, contends that the FAC was properly filed under Rule 15(a)(1) because it was filed fewer than 21 days after Defendant filed an Answer to the initial Complaint. (Resp. at 1, 3.) Alternatively, Plaintiff argues that this Court should grant Plaintiff leave to amend under Rule 15(a)(2). (Id. at 1–5.)

#### A. Amendment Under Rule 15(a)(1)

Rule 15(a)(1) allows amendment as a matter of course 21 days after a motion to dismiss or an answer is filed, "whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The FAC was filed within 21 days of service of Defendant's Answer. However, it was not filed within 21 days of Defendant's Motion to Dismiss, which was "earlier." While Defendant only moved to partially dismiss the Complaint, it was still "a motion under Rule 12(b)" that triggered the time to file an amended complaint as a matter of course under Rule 15(a)(1)(B). See Smith v. Unilife Corp., No.

13-5101, 2014 WL 443114, at *1–2 (E.D. Pa. Feb. 4, 2014) (Baylson, J.) (requiring the plaintiff to seek agreement from defense counsel or leave of court pursuant to Rule 15(a)(2) because the amended complaint was filed more than 21 days after the defendant filed a partial motion to dismiss). Therefore, Plaintiff was only permitted to amend the Complaint as a matter of course within 21 days of Defendant's Motion to Dismiss, which was filed on October 31, 2018. The FAC was filed on February 22, 2019, after that time period had lapsed. It follows that Plaintiff may not amend the Complaint as a matter of course under Rule 15(a)(1), as suggested by the Court's Scheduling Order, which required "[a]ny Motion to Amend the Complaint" to be filed "as soon as possible." (ECF 14.)

### B. Amendment Under Rule 15(a)(2)

Plaintiff amended the Complaint to remove two of the three claims that this Court previously dismissed with prejudice: the IIED and intrusion upon seclusion claims. However, Plaintiff adds allegations in support of the NIED claim, which this Court also dismissed with prejudice. Though the FAC does not raise any new factual allegations, the FAC advances new legal allegations in five of the six Counts: the FCRA, negligence, NIED, gross negligence, and slander of credit claims. Defendant did not address Rule 15(a)(2) in its Motion.

Plaintiff argues that even if the FAC did not comply with Rule 15(a)(1), the Motion to Strike should be denied because the FAC would not cause Defendant prejudice, which is the central inquiry under Rule 15(a)(2). (Resp. at 1–5.) In support of this position, Plaintiff does not cite any precedential Third Circuit decisions suggesting that this Court must deny the Motion to Strike even though Plaintiff did not amend the Complaint properly. Rather, the Supreme Court has stated, in one of the cases that Plaintiff cites, that "the grant or denial of an opportunity to amend is within the discretion of the District Court." Foman v. Davis, 371 U.S. at 178, 182 (1962). While Rule

5

15(a)(2) provides that "the court should freely give leave when justice so requires," a district court must make that determination only where a plaintiff has sought leave to amend. Fed. R. Civ. P. 15(a)(2); see Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008) ("The district court has discretion to deny the request [to amend] only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudice to the opposing party.") (emphasis added); Riley v. Taylor, 62 F.3d 86, 90 (3d Cir. 1995) ("[A] refusal of a motion for leave to amend must be justified.") (emphasis added). The fact that Defendant has only addressed Rule 15(a)(1) in its Motion to Strike is not enough to warrant denial of the Motion pursuant to Rule 15(a)(2).

## V. Conclusion

Defendant's Motion to Strike is granted. Plaintiff should seek agreement from opposing counsel or file a motion for leave to amend the Complaint.

An appropriate Order follows.

O:\CIVIL 18\18-3881 Rennick v. Universal Credit Services LLC\18cv3881 Memo re Motion to Strike.docx